Good morning, ladies and gentlemen. Our first case for argument today is Lippert v. Hughes, Ms. Gottlieb. Good morning. May it please the court. Assistant Attorney General Anna Gottlieb for State Appellants. I would like to reserve three minutes for rebuttal. This appeal is about the gatekeeping function of the Prison Litigation Reform Act, or the PLRA. Under the PLRA, a district court may not grant or approve prospective relief unless the court finds that such relief is narrowly drawn, extends no further than is necessary, and is the least intrusive means of doing so. In this case, the parties entered into a comprehensive consent decree under which defendants are to implement various measures to improve the quality of medical and dental care in prison facilities across the state. As part of that consent decree, defendants were to create an implementation plan that will be their road map for compliance with the decree. Ms. Gottlieb, I take it that the defendants are not challenging the consent decree itself? That's correct, Your Honor. The defendants are not challenging the consent decree, and defendants remain committed to moving forward with the goals that are established in the consent decree. The implementation plan ultimately adopted by the district court was a 33-page document mainly created by the monitor assigned to this case, and that plan incorporated over 100 specific tasks into the decree. The plan does not merely enforce the decree's objectives. Rather, it prescribes specific operational requirements for staffing roles, contracting paths, software procurements, vending requirements, and many others. And these allegations were not the only ways to comply with the consent decree. Yet, the district court did not make any of the required findings under the PLRA when it adopted the plan. This error was further compounded when the court denied termination under Section 3626B of the PLRA when it extended the terms of the plan for three years without making those required findings or making the required compliance determinations that are required by the decree itself. I want to make sure that we take care to distinguish between the consent decree and the plan. So you asked, the state defendants asked for termination of the plan, but not the consent decree. Is that correct? That's correct. In effect, another way to look at it is you asked for modification of the consent decree to take out the plan from the consent decree. Correct. To the extent of the, because the language of the decree required incorporation and enforceability of the plan. And I take it your whole, the main argument is that before any provision of the plan is adopted as an affirmative obligation against the defendants, the district court has to make the PLRA findings. That's correct, Your Honor. So I know a lot has happened and has been, you know, written about the district court issued a lot of orders between the time that the plan was, the joint motion was granted and the latest order of modification. The, but looking at the language of the modification itself, right, the, at least the appellees themselves seem to agree that the provisions, any provisions in the implementation plan would not become enforceable until and unless the district court makes PLRA findings. So, and in my mind, when something becomes enforceable, it means it becomes binding, right? So in other words, it becomes part of the plan. Isn't that exactly what you're asking for? And so I'm trying to figure out in substance whether it may have taken the defendants a bit of a circuitous route to get there, but in the end, it seems like you got what you wanted. Sure, Your Honor. And there is a little bit of nuance here that I would like to explain. There's two issues with the modification as it stands today in the last order that's on  I'm sorry. Could you slow down a bit and raise your voice? That microphone, no, don't touch the microphone. It doesn't really magnify one's voice and this is a very large room, it records your  So you need to talk loud enough for all of us to hear. I will try my best to do so. So there are two issues with the modification as adopted by the district court in the last order on appeal here. The two issues are that the first one being it does not remove this plan as prospective relief from the decree. The PLRA strictly requires before the entry or the approval of prospective relief that these findings are made. The modification maintains the plan as part of the decree and for that reason, it does not comply with the PLRA and from a practical standpoint, and this is a But doesn't it become just guidance then under the modification? It seems like we're, this feels like much ado about nothing as Judge Lee was alluding to. So tell me, be more precise here. So plaintiff's interpretation in their briefs does call the implementation plan a guide for defendants, but respectfully, that is not how the modification, the language of the modification, that's not what it states. And defendants are now in a situation where the plan, all over a hundred different tasks are looming and defendants are in a position where these may become enforceable at any time in the future. But plaintiffs will have to make that showing that before it becomes enforceable, in fact, the modification states shall become enforceable. So why is that not enough? Because without removing or terminating the plan, defendants still are, have to be guided by it in a way that they might be subject to future. Well, you have a choice, right? You can decide to pick and choose among the implementation plan based on what's happening at IDOC with medical and dental. You make your choice, right? And plaintiffs will also have to make their choice as to what they want to enforce. But it's sort of ephemeral perspective relief, right? Certainly, Your Honor, defendants can make that choice. The problem is if defendants make the wrong choice out of the hundreds of tasks that are before them and plaintiffs choose to then enforce the different- I think you can make some educated guesses though, right? I did look at the implementation plan. It's quite lengthy. But there are some things that are, I think you can make an educated guess, right? And defendants are obviously doing their best to comply with the consent decree and with the overall goals stated therein, but the problem is that the implementation plan is very detailed. And it's very detailed in a way that, you know, our position is that even if the court were to, you know, for instance, remand for findings to be made, we don't believe that that these- the way the plan is laid out that the findings could be made. So then defendants are in a situation where- So then I'm puzzled by what your concern is. If everybody agrees that the implementation plan is just guidance unless the findings are made and you don't believe the findings can be made, then what does the state have to do? The main relief, if we're talking about the modification route, the main relief defendants are seeking is for a clear modification that makes that determination that this plan is guidance. That is the- It sounds like a request for an advisory opinion since the plaintiffs concede that there can't be any enforcement without the three statutory findings. Your Honor, I think there's also just a practical concern, even if plaintiffs do agree that enforcement cannot happen until those findings are made, that doesn't stop plaintiffs from showing up to court next week and saying we want to- And they can ask for the findings. But if we remand, it will be, dear district judge, please make the findings before you enforce anything. It would be the same thing that would happen without a remand. That's the puzzle, is it not? I think with the way your Honor just structured the relief, at that point then the district court, our position is would not be able to make the findings and those parts of the plan would be terminated and they would be no longer things that loom in the future as the subject of possible enforcement proceedings. Again, the- No, why would it go away, right? The monitor can propose anything he wants. Your suggestion that if we don't have the findings now, the whole plan goes up in a puff of smoke, it's not what the statute says. Statute says it can't be enforced without the findings. Yes, Your Honor, the statute says that the- well, actually the statute says that the prospective relief cannot be entered or approved. And our position is simply that by virtue of the plan still being part of the decree, it is prospective relief and that does violate the statute. And without a clear modification- But you agreed to this process. In the consent decree, you agreed to come up with an implementation plan that would be incorporated. Yes, Your Honor, we did agree to defendants creating an implementation plan. That's not actually what happened on the ground. Defendants- Because I think there was a delay. No, go ahead. No, there was a delay on the part of defendants. There was a delay on part of defendants, but defendants did ultimately submit an implementation plan. I think, was it one, two, three years late? It may have been in that range, yes. Look, if you're really unhappy, why don't you file a motion for termination under subsection B1 and say there have been no findings, the decree must be terminated, we will now negotiate again and get something that's enforceable. That I could understand, but it's apparently not what you're asking for. Well, we did seek to terminate under section 3626B2 because that provision provides for immediate termination of prospective relief where the findings were not- Of the plan, not of the consent decree. That's right. I think Judge Eastbrook was meaning the consent decree. Yes. I see. So, again, because defendants do remain committed to moving forward with- Let me ask you this. So, I'm looking at this language and I can see how the language the district court used in its modification could have been written more clearly, okay? But that's Monday morning quarterbacking. If they said the IP and all amendments or updates thereto are guidance and shall become enforceable as part of this decree, would that satisfy your concerns? I think our primary relief is for this court to adopt the modification of the proposal, but that would be clearer in that the plan is not currently incorporated and that the plan is not something that must be complied with today. And I'm sure one of us will ask your opposing counsel whether they believe that that is in fact the state of affairs. That is, right now, the plan is not enforceable. It doesn't impose any affirmative obligations, okay? And to the extent that it comes to a head, that it will only become so enforceable, as the language says, after the court makes PLRA findings. I think, you know, plaintiffs made representations in their briefs of that effect, but again, the defendant's concern is that that is not what ultimately the district court said here. So to that extent, we would like relief in the form of the modification we have proposed. Can we address briefly the district court's extension of the consent decree in the limited time you have left? So the grounds on which the district court granted the extension was the district court found that the defendants are not in substantial compliance with the terms of the consent decree, not the plan, the consent decree. And those are procedures that are set forth in the consent decree and that are agreed to by the parties. So why does the district court's order alter the existing legal relationship between the parties, since that's a term that's specifically in the consent decree? I'm certainly honored, and I would love to address that. I am in my rebuttal time, so if it's okay, I will address that now. So there's two problems with the court's order for an extension. When the court extended the entire consent decree, it also implicitly seemed to extend the implementation plan, but it did not make any findings with regard to the compliance of defendants with that plan, which is just a failure to comply with the decree itself. But to Your Honor's question specific about the PLRA, even though the plan contemplated future extensions, it did say it's going to terminate at five years, which was the juncture at which the extension motion was made. And because the decree was to terminate at five years, the Hallett case out of the Ninth Circuit does suggest, and we believe that this court should follow it as well, that upon that kind of extension, a court should make additional findings. There were never findings made under the consent decree here initially when the parties entered into it, and more so for that reason, there should be findings that the extended relief attempts to cure an ongoing violation of federal law, and that it is narrow, necessary, and the least intrusive means of doing so. Thank you, Your Honors. Thank you, Ms. Gottlieb. Ms. Labonte.  May it please the court. I'm LaBonte for the plaintiffs. As this court has discussed and pointed out, the implementation plan in the world of the district court's modification is not currently enforceable as to against the defendants, and it shall only become enforceable, text of the modification, thus shall become enforceable if the district court makes any findings that are necessary under the Prison Litigation Reform Act. Accordingly, the defendants in this appeal are entitled to no further relief, and additionally, the defendant's modification goes too far by not only requiring... Part of the puzzle that we have is why are the parties fighting? The plaintiff and the defendant seem to agree that the plaintiff does not have any enforceable relief, and in order to get the relief, has to persuade the district court to make the findings. That's the same thing the state is arguing in its appeal. So why are you fighting? Now, of course, it's their appeal. We've asked the state why it's fighting. Why are you fighting? Yes. So in the world of the modification, it is indeed true according to the language of that modification that the terms of the implementation plan shall become enforceable only if the court makes necessary findings, and the court's made that very clear. That said, our position is that to become enforceable and making the implementation plan enforceable prior to the modification, the district court did no more than enforce the plain terms of the consent decree, which required that the implementation plan would become incorporated into. That's not exactly my question. My question is, why don't you agree to the remand the state wants? Because you can't get any effective relief without the findings. So the state wants us to direct the district judge to make the findings. Is the real fight here that the state doesn't believe the judge can or will make the findings? Yes, and I believe if we look at the relief that the defendants are seeking on appeal through the modification, it directly says that the terms of the implementation plan shall not be incorporated or made enforceable as part of the decree. And that would be a problem. That goes too far because it goes ahead and, first of all, turns the party's bargain directly on its head, is indeed a direct negation of the language of the original valid decree. And second, would potentially, I think it's, you can read that modification to actually bar the district court from making those terms enforceable, even if it were appropriate, even if the district court made the findings that it were appropriate. You mean the modification that the defendants are asking for? Yes, exactly, the defendant modification. Yes, thank you. So I take it then that you, to just kind of, you know, kick a dead horse, you agree that at this point in time the implementation plan opposes no affirmative obligations upon the defendants? Yes. And what it provides right now is a blueprint for compliance or a guidance document. And in the party's original bargain, the idea is that that would be actively helpful for the defendants and the project that they voluntarily assumed in terms of remedying serious deficiencies that the plaintiff class faces when they agree to the consent decree. And so the fact that this entails, you know, there is a lot of work to do under the consent decree. It is important work and, you know, the plaintiff class has been waiting on it for years now. But that work is part of what they committed to and all that the plaintiff class, you know, what the plaintiff class can hold them to is that bargain. And then steps of the terms of the implementation plan could become enforceable under the modification as necessary to fulfill that bargain. I mean, the structure to me seems of the consent decree and having this implementation plan seems eminently reasonable because the PLRA, one of the concerns was that the facility officials retain discretion on how to achieve these goals, right? And so at least the way I read it, the implementation plan was an effort to give the facilities the discretion to try to design a plan, not, you know, shove something down their throats, but to allow them the freedom to figure out and implement a way to arrive at the various benchmarks and goals that the consent decree sets out. It's just that, as the district court noted, in hindsight, perhaps that is not what happened here. And that's kind of probably why we're here. Yes, and I think that, to be clear, this did not play out in the way that the, you know, the plaintiff class would have liked because the state did not present an implementation plan that was adequate to the district court or that fulfilled the requirements for the form of the implementation plan as laid out in the decree until two years late. And then even after that, at a point in the process, completely backtracked with a totally new plan that actually backslid on the obligations. But the process that was laid out in Section 4B of the consent decree was followed, as acknowledged in the beginning of the implementation plan itself, because what that provided is first, as you point out, that the defendants would draft the plan and then also that the plan would be drafted with the assistance of the party's chosen correctional expert, and that is the court-appointed monitor, to make sure that it was, you know, an effective plan that would fulfill the obligations. It seems to me a provision, the implementation plan, as you say, a provision that was supposed to help the defendants achieve, give some guidance on achieving compliance. Because otherwise, without it, you know, and in a way because of that provision, it delayed things for years now. Whereas if that provision wasn't there and defendants were left on their own, then if they did something and you didn't think it met the standards, then you would file a motion to enforce the consent decree, and then we would have had this fight, but the fight would have been years sooner as opposed to now. And I think that's generally correct. But what I would say is that, first of all, that's why the consent decree required that the implementation plan be developed early in the life of the decree, right, so that it was developed and so that everyone could have on the table the specific steps that were needed to fulfill the requirements of the decree. And also, I mean, that was a foundational part of the party's bargain, the defendants and the plaintiffs. That's clear because of the role that Section 4 has in the plaintext of the decree, but it's also something that both parties represented at the offset was crucial in the decree, and it's hard to overstate the importance of that. And the reason why is because those specific steps that are necessary to fulfill the larger obligations of the decree, it's much – they're necessary steps on the way. And so it provides a way to really make sure that the defendants are actually making progress on compliance with the decree's substantive obligations rather than running out the clock. And that's why the implementation plan is important because I think all of us know it can be hard to achieve things without a plan, and projects require intermediate steps that you have to take to be able to get there. And the plaintiff class had a desire and has a desire to, as appropriate, be able to hold the defendants to those specific intermediate steps that they agreed to develop in the decree. Can you address the defendants' arguments with regard to the extension of the consent decree? Yes. So the plain terms of the consent decree provide for the term – so they provide for an absolute outer limit of 10 years. And so initially five years, but then that the court retains jurisdiction to enforce the terms of the consent decree for those terms with which the defendants are not in substantial compliance. And the district court made adequate, comprehensive, factual findings demonstrating lack of substantial compliance with regards to the mine run of provisions within the consent decree. And that was appropriate under – in fact, actually required by the terms of the consent decree. Defendants believe that district court – I think it's the defendant's argument that district court needed to make PLRA findings in order to justify the extension of the consent decree. And that is not necessary because the consent decree itself laid out the specific determination that the district court was to make in order for the plan to be – the consent decree, provisions of the consent decree to be continued, for the court's jurisdiction to continue with regards to them for certain periods of time, starting first with five years, three years, two years, and then the decree terminates. That's – and that falls into, you know, I think one of the core legal questions or points in this appeal, which is that a district court with a valid consent decree in front of it may enforce – in fact, should enforce the terms of that valid decree and does not need to make additional – Of course, what should make us think that the decree is valid since it was entered without any of the three findings? So first – I understand. The state hasn't asked us to set aside the decree. But assuming that the decree is valid has its own problems. Sure. So the consent decree in Section 1F did include a finding by the district court that this meets the requirements of 3626A. Yeah, but it didn't make any of the findings. Effectively, by saying the court finds that the requirements of 3626A are met, that is an explicit finding that the court – That sounds like a stretch. I think, respectfully, the Prison Litigation Reform Act does not lay out any specific requirements as far as what those findings must look like. And so a statement that the court finds under 3626A complies with those requirements. That I understand. But there need to be findings. You know, a court just can't say in gross, I have complied with every provision of the United States Code today without actually finding anything. Yes. And I think what we would say here is that we don't – the court finds that the consent decree complies in all respects with the requirements of 3626A. That is pointing to a specific findings requirement within the Prison Litigation Reform Act. So it's not something as, you know, to the effect of look at the entire United States Code. We're compliant with it. And we also have no reason to doubt that the district court actually made those findings because the district court had a record before it, a well-developed factual record, several expert reports that provided the district court clear guidance or a clear view of why the consent decree met the requirements of 3626A1A. That's what people refer to as the needs, Marinus intrusiveness findings. So we have the entry of the consent decree. Then we have the final order that is before us. And then we have all this middle stuff, right? We have district court making some statements that defendants at least interpret as stating that it doesn't need to make findings when it approves the implementation plan, although the statute seems to suggest it does. What do we do with all that middle stuff? Do we need to deal with it at all? No. So the middle stuff being the yes. So no, because the modification solves any of the problems that the defendants are claiming with regards to those. So the modification obviates the need for this court to essentially there's no further relief they could be entitled to because the implementation plan is not currently enforceable relief. So of course, our briefs do lay out arguments as to how those could be resolved on their specific terms. But if the modification by operating, how we've discussed the modification does, means this court need not work through the specifics of those. The defendants are not entitled to additional relief. So the defendants, an additional reason why the defendants are not entitled to additional relief is that the defendants themselves invited the purported error that is at the core of this appeal in their claims, which is that the district court entered the implementation plan without additional PLRA findings. And they did so by jointly moving with the plaintiffs asking for the entry of the implementation plan. And in fact, that joint motion for entry of the implementation plan represented to the district court that the implementation plan was now ready for entry to be incorporated into and enforceable as part of the decree. It was only seven months later that the defendants started a campaign of motion practice, essentially at the district court, to get out of the obligations of the implementation plan. And that is the Zenith waiver because we saw them actually ask the court to take this action. And now complaints about that action being erroneous are at the core of this appeal. But didn't they, I mean, it seems like fairly right though. They did it because the district court told them to do it. The district court did not tell them that they needed to move the district court to enter the plan. They said prepare and file the implementation plan. But that did not mean they had to ask the court to put it into place or represent that it was ready to be given effect according to the terms of 4C. They could have preserved the right to appeal. They could have filed the plan and said, here's the plan you ordered. We object to the entry of this plan. Wasn't there an objection though? Wasn't it entered over their objection? What they said in a parenthetical in the joint motion was it entered over certain previously articulated objections that certain terms didn't meet the requirements of the Prison Litigation Reform Act. And so they were not advancing the argument and they certainly did not expressly preserve anything on appeal, let alone the argument that the implementation plan as a whole in its entirety required the court to make additional findings under the PLRA. And this court's precedent's been clear that that is a situation in which if you're asking the court to take an action but want to be able to preserve your right to appeal from that action, you do need to be expressed about preserving the right to appeal. Thank you, Ms. Labonte. Thank you. Ms. Gottlieb, I'll give you two minutes for rebuttal. Thank you. Thank you, Your Honor. Appreciate it. Very briefly on the waiver points, we'd just like to direct the court to our briefs on that point. We don't... The joint motion was required by the district court or at least parties were required to enter the plan and there is no waiver in this case. I'd like to very briefly address counsel's argument about the extension motion and how the previous stipulation that the consent decree complies with the PLRA eliminated any need for the court to make findings. Respectfully, this court's decision in Doe says that a bold declaration of compliance with the PLRA is not sufficient. So again, we're not disputing the entry of the consent decree itself, but that stipulation was certainly not enough to extend the implementation plan at the time the district court extended the entire decree, including the plan. And I'd also like to address... Doesn't that amount to attacking the validity of the decree, which you say you're not doing? We're not doing that here in this appeal, but we are challenging the district court's extension of the implementation plan as it was incorporated. But if the decree authorizes the extension and you say that's not authorized, it sounds like you're attacking the decree, which you deny doing. It's a puzzle, to me at least. In theory, I think that same argument could apply to the decree, but again, we're not pursuing that argument. Defendants are committed to the requirements of the decree, but we are challenging the implementation plan. And for the reasons Your Honor had pointed out, which is that the PLRA, the goal of the PLRA, is to provide prison officials and administrators flexibility to design what would work best for their facilities. And that is respectfully not what the implementation plan does. It was not authored by the defendants. It was authored by the monitors. And for that reason, we ask for the relief of either terminating the implementation plan or modifying it in the way the defendants had originally asked for. Thank you, Ms. Gottlieb. Thanks to both counsel, the case is taken under advisement.